# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| LARVARIUS DEWAYNE SATCHER, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 1:25-cr-540-ACA-GMB |
| ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

In April 2025, Petitioner Larvarius Dewayne Satcher filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his conviction for trafficking in marijuana. (Doc. 1). In response, the State asserted that the petition was time-barred because, even accounting for statutory tolling during the pendency of state post-conviction proceedings, more than a year had passed between Mr. Satcher's conviction becoming final in June 2019 and his filing of the § 2254 petition in April 2025. (Doc. 7 at 4–11). The magistrate judge notified Mr. Satcher that the case was ripe for summary disposition and offered him the opportunity to file a reply, including any evidence necessary to rebut the State's defenses. (Doc. 8). Mr. Satcher filed a reply arguing that his petition was timely because less than a year passed

between his state post-conviction proceedings becoming final in June 2024 and his filing of the § 2254 petition in April 2025. (Doc. 11 at 7–8).

The magistrate judge then entered a report recommending that the court deny the § 2254 petition as time-barred. (Doc. 12). The magistrate judge pointed out that the statute of limitations does not run from the date any state post-conviction proceedings become final. (*See id.* at 9 n.5). The magistrate judge advised Mr. Satcher of his right to object and noted that "[o]bjections should not contain new allegations[ or] present additional evidence." (*Id*. at 15).

After receiving the report and recommendation, Mr. Satcher filed an affidavit attesting, for the first time, that he mailed his "original § 2254 petition" in August 2024. (Doc. 13 at 1). According to Mr. Satcher, when the court took no action on his petition, he filed "an identical copy" of the § 2254 petition in March 2025 (*id.*), which is the copy that this court docketed in April 2025. He objects that the magistrate judge erroneously calculated the statute of limitations by using the date he signed his second § 2254 petition instead of the date he signed his first, lost § 2254 petition. (Doc. 14).

The Eleventh Circuit has squarely held that "a district court has discretion not to consider a petitioner's arguments regarding the timeliness of his federal habeas petition when the petitioner raises the timeliness arguments for the first time in his objections to a magistrate judge's report and recommendation." *Williams v. McNeil*,

557 F.3d 1287, 1288 (11th Cir. 2009); *see also id.* at 1292 ("[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.") (citation and quotation marks omitted). Mr. Satcher had abundant opportunity to present his evidence and argument about the timeliness of his petition before the magistrate judge entered the report and recommendation. (*See* doc. 8). He did not do so. (*See* doc. 11). Accordingly, the court exercises its discretion and declines to consider Mr. Satcher's newly presented evidence. *See Williams*, 557 F.3d at 1288. Because Mr. Satcher made no other objections to the report and recommendation, the court **ADOPTS** the report and **ACCEPTS** his recommendation. The court **WILL DENY** this § 2254 petition as time-barred. The court also **WILL DENY** a certificate of appealability.

    The court will enter a separate final order.

    **DONE** and **ORDERED** this February 12, 2026.

                                                             _____
                                                                **ANNEMARIE CARNEY AXON**
                                                                UNITED STATES DISTRICT JUDGE